UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

UNITED STATES OF AMERICA,

                                                                            **ORDER**
                                                                            15-CR-317 (MKB)
                   - against -

SAUL COLON, *also known as* "Bino,"

                          Defendant.

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      On August 29, 2019, Defendant Saul Colon, also known as "Bino," pled guilty to one count of conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine pursuant to 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(C). (Indictment 1–2, Docket Entry No. 11; Tr. of Aug. 29, 2019 Plea Hr'g ("Plea Tr.") 22:6–24:14, Docket Entry No. 79.) On November 10, 2020, the Court sentenced Colon to eighteen months of imprisonment to be followed by three years of supervised release. (J. 2–3, Docket Entry No. 91.) In December of 2020, Colon was diagnosed with bladder cancer. (Medical Records 4, 8, 12, Docket Entry No. 96.) On February 10, 2021, he filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) requesting a reduction of his sentence to time served and his immediate release to the residence of his sister, Dinah Cardona, to complete the supervised release portion of his sentence due to the heightened risk of severe illness or death at which his cancer places him should he contract COVID-19 in custody.[1] (Def.'s Mot. for Compassionate Release 1, 19,

---

[1] Adults of any age with cancer "are at increased risk of severe illness from the virus that causes COVID-19." *See COVID-19 — People with Certain Medical Conditions*, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Feb. 22, 2021).

Docket Entry No. 95.)  The government does not oppose Colon's motion but requests that the Court modify the conditions of his supervised release to require that he be subject to home confinement at his sister's residence until March 22, 2021, his projected date of release from custody.[2]  (Gov't Resp. to Def.'s Mot. 1 ("Gov't Resp."), Docket Entry No. 97.)

For the reasons discussed below, the Court grants Colon's motion and modifies the conditions of his supervised release as requested by the government.

**I. Discussion**

"A court may not modify a term of imprisonment once it has been imposed except pursuant to statute." *United States v. Gotti*, 433 F. Supp. 3d 613, 614 (S.D.N.Y. 2020).  Section 3582(c)(1)(A)(i) "empowers a court to reduce a defendant's term of imprisonment if it finds that 'extraordinary and compelling reasons warrant such a reduction.'"  *United States v. Ebbers*, 432 F. Supp. 3d 421, 422 (S.D.N.Y. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)).

Under section 3582(c), and as relevant here, courts may modify a previously imposed sentence where:

> (A)  the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of [thirty] days from the receipt of such a request by the warden of the defendant's facility,[3] whichever is earlier, may reduce the term of imprisonment . . . after

---

[2] In sentencing Colon to eighteen months of imprisonment, the Court credited the eighteen months Colon had already served in state custody for the federal crime and noted that it understood Colon "to have been in federal custody as of December 12, 2019."  (J. 2.)

[3] Colon submitted a request for a sentence reduction to the warden of his facility on January 22, 2021, and the warden denied his request on January 25, 2021.  (Request to Warden, annexed to Def.'s Mot. as Ex. A, Docket Entry No. 95-1; Warden's Denial of Request for Home Confinement ("Warden's Denial"), annexed to Def.'s Mot. as Ex. B, Docket Entry No. 95-2.)  Thirty days have since passed.  (*See* Warden's Denial (dated January 25, 2021); Gov't Resp. 3.)

> considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that —
>
> (i)      extraordinary and compelling reasons warrant such a reduction; or
>
> (ii)      the defendant is at least [seventy] years of age, has served at least [thirty] years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A)(i)–(ii). Thus, even if a district court decides that a movant has shown extraordinary and compelling reasons, the court must also consider whether the factors set forth in 18 U.S.C. § 3553 support release. *United States v. Roney*, 883 F. App'x 850, 853 (2d Cir. 2020) ("We need not decide whether [appellant] has proffered an extraordinary and compelling reason that warrants his release under 18 U.S.C. § 3582(c)(1)(A)(i) because, even assuming *arguendo* that he has, we discern no abuse of discretion in the district court's conclusion that release is nevertheless unwarranted upon consideration of the [section] 3553(a) factors.").

Due to Colon's diagnosis, the short amount of time he faces before he completes his sentence, the risk to his health should he contract COVID-19, and the *de minimis* risk to the public given his condition, (*see* Def.'s Mot. 7, 16–19), the Court finds that he has demonstrated an extraordinary and compelling circumstance warranting release and that the factors set forth in

3

18 U.S.C. § 3553 support release.[4]  Therefore, the Court grants Colon's motion, reduces his sentence to time served, and orders his immediate release to his sister's residence to be followed by three years of supervised release.  In addition, the Court modifies the conditions of Colon's supervised release to require that he remain in home confinement at his sister's residence until March 22, 2021, his original release date.

## II.  Conclusion

Accordingly, for the reasons explained above, the Court grants Colon's motion.

Dated: March 4, 2021
Brooklyn, New York

SO ORDERED:

　　　　　s/ MKB　　　　　　
MARGO K. BRODIE
United States District Judge

---

[4] The Court notes that it initially sentenced Colon to an imprisonment term below the applicable Guidelines range after applying the section 3553(a) factors. (Statement of Reasons 3, Docket Entry No. 92.)